### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM NOBBLEN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-1227 |
| | : | |
| COUNTY AND CITY OF | : | |
| PHILADELPHIA DISTRICT | : | |
| ATTORNEY/PHILA. POLICE | : | |
| DEPT., *et al.*, | : | |
|     Defendants. | : | |

### **ORDER**

On October 19, 2020, *pro se* Plaintiff William Nobblen filed a "Declaration to Alter Judgment." (Doc. No. 16.)  The text makes clear that this is in fact a 59(e) Motion for Reconsideration of my previous dismissal with prejudice of Plaintiff's Second Amended Complaint.  Fed. R. Civ. P. 59(e).  (Doc. No. 15.)

A motion for reconsideration should be granted only where the moving party can show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  United States ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848–89 (3d Cir. 2014) (quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).  Plaintiff fails to meet this standard.

Although Plaintiff argues that prosecutorial immunity should not bar his claim against the Philadelphia District Attorney and that his Monell claim is plausible, he fails to address the untimeliness of these claims.  (See Doc. No. 15.)  Accordingly, there is no basis to reconsider my dismissal.

Moreover, Plaintiff did not name the Philadelphia District Attorney as a Defendant in the Second Amended Complaint, nor did he attempt to raise a claim of prosecutorial misconduct. His argument that prosecutorial immunity should not bar his claim is thus irrelevant. Finally, although Plaintiff argues that his <u>Monell</u> claim was plausible, he has yet again failed to state a factual basis for this claim, nor has he demonstrated that my dismissal of the <u>Monell</u> claim was a clear error of law or fact, or a manifest injustice.

**AND NOW**, this 2nd day of November, 2020, upon consideration of Plaintiff William Nobblen's Declaration to Alter Judgment (Doc. No. 16), it is hereby **ORDERED** that the Motion is **DENIED**.

**AND IT IS SO ORDERED:**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.